AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Chelsea Elliot and Jeanne Mansfield <br> *Plaintiff* <br> v. <br> The City of New York, New York Police Department, Inspector Anthony Bologna, John Does 1-50. <br> *Defendant* | 12 CIV 0992 <br><br> Civil Action No. <br><br> JUDGE SWEET |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* NYC Law Department
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Aymen A Aboushi
501 5th Ave, Suite 305
NY NY 10017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: FEB 0 8 2012

Signature of Clerk or Deputy Clerk

JUDGE SWEET

12 CIV 0992

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Chelsea Elliot and Jeanne Mansfield,

    Plaintiff,

-against-

The City of New York, New York Police Department, Inspector Anthony Bologna, John Does 1-50.

    Defendants.

------------------------------------------------------------------X

Index No.

Complaint and Jury Demand

Venue is based on the location of the acts giving rise to this action.

    Chelsea Elliot and Jeanne Mansfield ("Plaintiffs") by their attorneys, The Aboushi Law Firm, allege as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. Chelsea Elliot is a resident of Kings County.

2. Jeanne Mansfield is a resident of Massachusetts.

3. At all times mentioned, Defendant City of New York, was and is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

4. Upon information and belief, Defendant NYPD is an agency of the City of New York, and created and organized by virtue of the laws of the State of New York.

5. Anthony Bologna is an employee of the NYPD and City of New York, and upon information and belief, resides and works in Staten Island, NY.

6. On or about the 24th day of October, 2011, and within ninety (90) days after the claim herein arose, the Plaintiffs served a Notice of Claim in writing sworn to on their behalf upon Defendant City of New York, by delivering a copy thereof in duplicate to the officer designated to receive such process personally, which Notice of Claim advised the Defendant City of New York, of the nature, time, place, and manner in which the claim arose, the items of damage and injuries sustained so far as was then determinable.

7. At least thirty (30) days have elapsed since the service of the claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

8. All conditions and requirements precedent to the commencement of this action have been complied with.

9. The oral examination of the Plaintiffs have been conducted in compliance with Section 50-H of the General Municipal law.

10. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiff's non-economic loss.

11. Police Officers JOHN AND JANE DOE 1-50 refer to police officers and other governmental officials who participated in the relevant facts but whose identities are unknown. (John and Jane Doe 1-50 and Inspector Anthony Bologna are collectively referred to as "Officers" or "Defendant(s)").

12. Upon information and belief, at all times mentioned, Defendant Inspector Anthony Bologna, was and is, an officer of the Defendant City of New York, and at all times herein was acting in such capacity as the agent, servant, and employees of the Defendant City of New York.

13. On or about September 24, 2011, in the vicinity of 12th Street and University Pl., County of New York, City and State of New York, the Defendants jointly and severally in their capacity of police officers, committed an assault and battery upon Plaintiffs.

14. On the above mentioned date, Inspector Anthony Bologna, while on duty as an Officer for NYPD and the City of New York, sprayed NYPD-issued pepper spray/mace at the Plaintiffs for no legal reason.

15. Anthony Bologna maced the Plaintiffs as they were exercising their constitutionally protected rights, including freedom of speech and freedom of assembly.

16. As a result, Defendants wrongfully assaulted Plaintiffs several times, as well as seized Plaintiffs in an excessive manner about their persons, causing them physical

pain and mental suffering. At no time did the Defendants have legal cause to grab, mace, seize, assault, or touch the Plaintiffs, and nor did the Plaintiffs consent to this illegal touching nor was it privileged by law.

### AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

18. On or About September 24, 2011, in the vicinity of 12th Street and University PL., County of New York, City and State of New York, the Defendants jointly and severally, did place Plaintiffs in imminent fear of physical contact by approaching the Plaintiffs in a menacing manner. All of the above actions placed Plaintiffs in imminent fear of physical contact. At no time did Plaintiffs consent to the unlawful actions of the Defendants.

### AS AND FOR A THIRD CAUSE OF ACTION

19. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

20. On or About September 24, 2011, in the vicinity of 12th Street and University PL., County of New York, City and State of New York, the Defendants jointly and severally, without any warrant, order, or other legal process and without any legal right, wrongfully and unlawfully arrested/detained the Plaintiffs, restrained them and their liberty, and then took them into custody. Defendants intentionally confined Plaintiff without their consent and the confinement was not otherwise privileged by law, and at all times, the Plaintiffs were conscious of their confinement.

### AS AND FOR A FOURTH CAUSE OF ACTION

21. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

22. Defendant Police Officers were at all times relevant, duly appointed, and acting officers of the City of New York Police Department.

23. At all relevant times, said police officers were acting under color of law. To wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

24. Plaintiffs are at all relevant times herein, citizens of the United States, and bring this cause of action pursuant to 42 United States Code Section 1983, and 42 United States Code Section 1988, as well as State Civil Rights Laws.

25. Defendant City of New York is a municipality duly incorporated under the laws of the State of New York.

26. The aforementioned described conduct of the Defendants resulted in the Plaintiffs being deprived of the following rights under the United States Constitution:

    A. Freedom from assault to their person;

    B. Freedom to peaceably assemble;

    C. Freedom from excessive force;

    D. Freedom from battery to their person;

    E. Freedom from illegal search and seizure;

    F. Freedom from false arrest;

    G. Equal protection under the law.

27. The Defendants subjected the Plaintiffs to such deprivations, either in a malicious or reckless disregard of the Plaintiffs' rights or with deliberate indifference to those rights used guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

28. The direct and proximate results of the Defendants' acts are that Plaintiffs have suffered, and continues to suffer, severe and permanent injuries of a physical and psychological nature. They were forced to endure pain and suffering, all to their detriment.

## AS AND FOR A FIFTH CAUSE OF ACTION

29. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

30. Defendant city of New York has grossly failed to train and adequately supervise its police officers in the fundamental law of arrest, assault and battery, search and seizure, excessive force, especially when its officers are not in possession of a court authorized arrest warrant and where an individual, especially as here, has not

committed a crime and has not resisted arrest, that its police officers should only use reasonable force to effectuate an arrest and the arrest should be on probable cause.

31. The City of New York was negligent by failing to implement a policy with its police department and instruct police officers who, absent the consent of Plaintiffs (or similarly situated individuals) or without the possession of a court authorized arrest or search warrant, said police officers of the City of New York are not to arrest individuals such as Plaintiff here, where probable cause is lacking and the use of force should only be reasonable when an individual resists arrest and should not be used where a criminal defendant or suspect is not resisting arrest.

32. The City of New York is negligent due to its failure to implement a policy with its Police Department or actively enforce the law, if any of the following are lacking:

   A. Probable cause must be present before an individual such as the Plaintiff herein can be arrested.

   B. Force cannot be used against an individual who does not physically resist arrest.

   C. A person may not be assaulted or touch in any way when legally exercising their rights.

33. The foregoing acts, omissions and systematic failures are customs and policies of the City of New York which caused the police officers to falsely arrest, maliciously prosecute, seize illegally and search the Plaintiffs and commit an assault/battery to their persons.

## AS AND FOR A SIXTH CAUSE OF ACTION

34. Plaintiffs repeat each and every allegation in this Complaint as though fully set forth at length herein.

35. Defendant City of New York was negligent in that prior to and at the time of the acts complained herein, due to the prior history of the Police Officer Defendants, knew or should have known the bad disposition of said Defendant officers and defendants had knowledge of facts that would put a reasonably prudent employer on inquiry concerning their bad disposition and the fact that these officers were not suitable to be hired and employed by the City of New York and that due to

their lack of training, these officers should have had adequate supervision so that they would not arrest innocent individuals nor use excessive force during the arrest process.

WHEREFORE, Plaintiffs demand judgment against the Defendants, together with the costs and disbursements of this action, together with attorney's fees and costs of bringing this case and punitive damages.

Plaintiffs hereby demands a jury trial on all triable issues.

Dated: February 8, 2012

Aymen A. Aboushi, Esquire-AA5151
The Aboushi Law Firm PLLC
501 5th Avenue, Suite 305
New York, NY 10017
Tel: 212.300.2113
Fax: 646.367.4925
Email: Aymen@Aboushi.com
www.Aboushi.com