UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHELSEA ELLIOT, et al.,

                              Plaintiffs,

        -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER OF BEHALF OF THE CITY OF NEW YORK**

**12 CV 0992 (RWS)**

Jury Trial Demanded

        Defendant the City of New York[1] ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.     Admits the allegations set forth in paragraph "3" of the complaint.

---

[1] Although plaintiffs as well purport to name the NYPD as a defendant, it is a non-suable agency of defendant City. See Wray v. City of New York, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.") (quoting NYC Charter § 396) (judgment vacated on other grounds); see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (noting that "[t]he district court correctly noted that the NYPD is a non-suable agency of the City.") (citing Wray, 340 F. Supp. 2d at 303); Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997).

4. In response to the allegations set forth in paragraph "4" of the complaint, defendant respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admits that defendant Bologna was employed by the New York City Police Department, and is currently assigned to Patrol Borough Staten Island.

6. In response to the allegations set forth in paragraph "6" of the complaint, defendant admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about October 18, 2011.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admit that this action was commenced by plaintiff on or about February 8, 2012.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that a statutory hearing was held.

10. The allegations set forth in paragraph "10" of the complaint constitute a conclusion of law and, accordingly, no response is required. To the extent a response is required, defendant denies the allegations.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff purports to proceed as stated therein.

12. Denies the allegations set forth in paragraph "12" of the complaint except admits that defendant Bologna was employed by the New York City Police Department.

Whether Bologna was acting as the agent, servant and employee of the City is a conclusion of law and, accordingly, no response is required.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint as they pertain to defendant City.

17. In response to paragraph "17" of the complaint, defendant repeats and realleges its responses to all preceding paragraphs of the answer, as if fully set forth herein.

18. Denies the allegations set forth in paragraph "18" of the complaint as they pertain to defendant City.

19. In response to paragraph "19" of the complaint, defendant repeats and realleges its responses to all preceding paragraphs of the answer, as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the complaint as they pertain to defendant City.

21. In response to paragraph "21" of the complaint, defendant repeats and realleges its responses to all preceding paragraphs of the answer, as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint except admits that defendant Bologna was employed by the New York City Police Department.

23. The allegation set forth in paragraph "23" of the complaint constitutes a conclusion of law and, accordingly, no response is required

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

25. Admits the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint as they pertain to defendant City.

27. Denies the allegations set forth in paragraph "27" of the complaint as they pertain to defendant City.

28. Denies the allegations set forth in paragraph "28" of the complaint as they pertain to defendant City.

29. In response to paragraph "29" of the complaint, defendant repeats and realleges its responses to all preceding paragraphs of the answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to paragraph "34" of the complaint, defendant repeats and realleges its responses to all preceding paragraphs of the answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

36. The complaint fails to state a claim against defendant City upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

37. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or that of third parties.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

38. Plaintiffs have failed to mitigate their alleged damages.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

39. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

40. To the extent plaintiffs assert state law claims, plaintiffs' claims may be barred, in whole or in part, by her failure to comply with all conditions precedent to suit.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

41. The New York City Police Department is not a suable entity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

42. At all times relevant to the acts alleged in the complaint, the duties and functions of the defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore defendant City is entitled to governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

43. Plaintiffs' claims may be barred, in part, by the applicable Statute of Limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

44. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

45. Plaintiffs provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

46. Punitive damages cannot be assessed against the defendant City.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

47. Any force used was reasonable, necessary and justified and/or *de minimus*.

**WHEREFORE,** defendant the City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           May 4, 2012

>           MICHAEL A. CARDOZO
>           Corporation Counsel of the
>             City of New York
>           *Attorney for Defendant City of New York*
>           100 Church Street
>           New York, New York 10007
>
>           By:  /s/
>                Dara L. Weiss
>                Senior Counsel

To:   BY ECF
Aymen A. Aboushi, Esq.
*Attorney for Plaintiff*