UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

CHELSEA ELLIOT and JEANNE MANSFIELD,

        Plaintiffs,

    -against-

THE CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT, INSPECTOR ANTHONY
BOLOGNA and JOHN DOES 1-50,

        Defendants.

-------------------------------------------------------------------------x

**DEFENDANT INSPECTOR
ANTHONY BOLOGNA'S
ANSWER TO
PLAINTIFFS' COMPLAINT
WITH CROSS-CLAIMS**

Docket No. 12 CIV 0992
(RWS)

Defendant, DEPUTY INSPECTOR ANTHONY BOLOGNA (s/h/a Inspector Anthony Bologna) (hereinafter referred to as "Defendant Bologna") by his attorneys, La Pietra & Krieger, P.C., answering the Summons and Complaint in the above entitled action, states upon information and belief:

## ANSWER

1.    Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

2.    Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "2" of the complaint.

3.    Admits the allegations set forth in paragraph "3" of the complaint.

4.    Admits the allegations set forth in paragraph "4" of the complaint.

5.    Admits the allegations set forth in paragraph "5" of the complaint.

6.    Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

7.      Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

8.      Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "8" of the complaint and respectfully refers all questions of law to the Court.

9.      Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the complaint and respectfully refers all questions of law to the Court, except admits that the attorneys for Defendant City of New York provided Defendant Bologna with a courtesy copy of the transcript of the 50-H hearings.

10.     Denies the allegations set forth in paragraph "10" of the complaint.

11.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the complaint except admits that Defendant Bologna is a Police Officer employed by the City of New York, who was so employed on the dates specified in the complaint.

12.     Admits the allegations set forth in paragraph "12" of the complaint as to Defendant Bologna.

13.     Denies the allegations set forth in paragraph "13" of the complaint.

14.     Denies the allegations set forth in paragraph "14" of the complaint.

15.     Denies the allegations set forth in paragraph "15" of the complaint.

16.     Denies the allegations set forth in paragraph "16" of the complaint.

## AS AND FOR AN ANSWER TO
## PLAINTIFFS' SECOND CAUSE OF ACTION

17.     In response to paragraph "17" of the complaint, Defendant Bologna repeats

and realleges his responses to all preceding paragraphs as if fully set forth herein.

18.     Denies the allegations set forth in paragraph "18" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' THIRD CAUSE OF ACTION**

19.     In response to paragraph "19" of the complaint, Defendant Bologna repeats

and realleges his responses to all preceding paragraphs as if fully set forth herein.

20.     Denies the allegations set forth in paragraph "20" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' FOURTH CAUSE OF ACTION**

21.     In response to paragraph "21" of the complaint, Defendant Bologna repeats

and realleges his responses to all preceding paragraphs as if fully set forth herein.

22.     Denies having knowledge or information sufficient to form a belief as to the

allegations set forth in paragraph "22" of the complaint, except admits Defendant Bologna

is a duly appointed New York City Police Officer at all times relevant herein.

23.     Admits the allegations set forth in paragraph "23" of the complaint.

24.     Denies having knowledge or information sufficient to form a belief as to the

allegations set forth in paragraph "24" of the complaint.

25.     Admits the allegations set forth in paragraph "25" of the complaint.

26.     Denies the allegations set forth in paragraph "26" of the complaint.

27.     Denies the allegations set forth in paragraph "27" of the complaint.

28.     Denies the allegations set forth in paragraph "28" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' FIFTH CAUSE OF ACTION**

29.     In response to paragraph "29" of the complaint, Defendant Bologna repeats

and realleges his responses to all preceding paragraphs as if fully set forth herein.

30.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the complaint.

31.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the complaint.

33.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' SIXTH CAUSE OF ACTION**

34.     In response to paragraph "34" of the complaint, Defendant Bologna repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

35.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

36.     The complaint fails to state a claim against Defendant Deputy Inspector Bologna, both in his official and individual capacities upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

37.     That the alleged incident and damages, if any, alleged to have been sustained by the Plaintiffs on the occasion(s) mentioned in the complaint were wholly or in part caused by the culpable conduct of the Plaintiffs.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

38.     If it is determined that Defendant Bologna was acting under the color of law, then his actions as a sworn police officer of the defendant, City of New York, were justified and were done in good faith, in that Defendant Bologna reasonably believed he was exercising and acting within his statutory and constitutional powers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39.     Plaintiffs' complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40.     If it is determined that Defendant Bologna was acting under the color of law, then Defendant Bologna acted reasonably and in good faith in discharging his official duties and responsibilities, and as such Defendant Bologna is entitled to qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41.     All Causes of Action alleged in plaintiffs' complaint are barred by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42.     Upon information and belief, the injuries or damages alleged in the complaint were or may have been caused in whole or in part by parties now or hereafter to be named as co-defendants or third-party defendants and accordingly the liability of the answering Defendant Bologna is, or may be limited by the provisions of Article 16 of the CPLR.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43.     That any sums of consideration paid or promised to Plaintiffs by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the complaint shall reduce any judgment rendered in favor of plaintiff as against Defendant Bologna to the extent of the greater of either the sums or consideration paid or promised to Plaintiffs or the amount of the released tortfeasor's (s') equitable share(s) of the damages in accordance with General Obligation Law §15-108, et. seq.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44.     Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by the plaintiffs shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR §4545.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK

45.     If the Plaintiffs were caused damages as alleged in the Plaintiffs' complaint, due to any culpable conduct other than Plaintiffs' own culpable conduct, then, such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of defendant, The City of New York.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK

46.     If it is determined that Defendant Bologna was acting under the color of law, then all of his acts were performed within the scope of his duties and within the scope of his employment as a New York City Police Officer, and any liability to

Plaintiffs must be assumed by Defendant Bologna's employer, the defendant, The City of New York, pursuant to the principle of *respondeat superior*.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK

47.    Pursuant to this principle of law, if the Plaintiffs recover any judgment against Defendant Bologna, then Defendant Bologna is entitled to recover the amount of such judgment from defendant, The City of New York.

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK

48.    If it is determined that Defendant Bologna was acting under the color of law, then all of his actions were performed within the performance of his duties and within the scope of his employment as a New York City Police Officer, and any liability to the Plaintiffs must be assumed by defendant, The City of New York, pursuant to NYS General Municipal Law §50-K.

49.    Any damages sustained by the Plaintiffs at the time or place mentioned in the plaintiffs' complaint are embraced within the provisions of NYS General Municipal Law §50-K.

50.    Pursuant to this provision of NYS General Municipal Law §50-K, if the Plaintiffs recover any judgment against Defendant Bologna, then the answering Defendant Bologna is entitled to recover the amount of such judgment from the defendant, The City of New York.

**WHEREFORE**, Defendant Bologna respectfully demands judgment against the Plaintiffs as follows:

(a)   Dismissing the Plaintiffs' complaint in its entirety;

(b)   Granting Defendant Bologna costs, disbursements, expenses of the

action, reasonable attorneys fees, and such other and further relief as

this Court deems just and proper.

Dated: White Plains, New York
June 5, 2012

La Pietra & Krieger, P.C.
Attorneys for Defendant
Deputy Inspector Anthony Bologna
(s/h/a Inspector Anthony Bologna)

By:_____
Louis C. La Pietra (LL6978)
30 Glenn Street, Suite 105
White Plains, NY   10603
(914) 684-6000
e-mail: louis.lapietra@verizon.net

TO:        The Aboushi Law Firm (AA5151)
Attorney(s) for Plaintiffs
Aymen A. Aboushi, Esq.
501 5th Avenue, Suite 305
New York, N.Y. 10017
(p) (212) 300-2113
(f) (646) 367-4925
e-mail: Aymen@Abouishi.com

Docket No. 12 CIV 0992                                    Year: 2012

# United States District Court
# Southern District of New York

CHELSEA ELLIOT and JEANNE MANSFIELD

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT, INSPECTOR ANTHONY BOLOGNA
and JOHN DOES 1-50,

Defendants.

## DEPUTY INSPECTOR ANTHONY BOLOGNA'S ANSWER TO PLAINTIFFS' COMPLAINT WITH CROSS-CLAIMS

### La Pietra & Krieger, P.C.
*Attorneys for Defendant DEPUTY INSPECTOR ANTHONY BOLOGNA*
*(s/h/a Inspector Anthony Bologna)*
30 Glenn Street
White Plains, NY 10603
(914) 684-6000

-----------------------------------------------------------------------------------------------------

**PLEASE TAKE NOTICE**
[ ]                    *that the within is a (certified) true copy of a*
NOTICE OF
ENTRY
[ ]                    *that an Order of which the within is a true copy will be presented for settlement*
NOTICE OF              *to the*
SETTLEMENT

*Dated:*

                        LA PIETRA & KRIEGER, P.C.
                *Attorneys for Defendant Deputy Inspector Anthony Bologna*
                        *(s/h/a Inspector Anthony Bologna)*
                        30 Glenn Street
                        White Plains, NY 10603

*To:.*